## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| **DAKARAI TICHAVAKUNDA,** | ) | **CASE NO. 1:03CV0094** |
| | ) | |
| **Petitioner,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| **Vs.** | ) | |
| | ) | |
| **MARGARET BRADSHAW,** | ) | **MEMORANDUM AND OPINION** |
| | ) | |
| **Respondent** | ) | |

### CHRISTOPHER A. BOYKO, J:

This matter is before the Court on the Report and Recommendation of the Magistrate Judge (Dkt. # 21), recommending denial of the Petition for Writ of Habeas Corpus pending before the Court. For the following reasons, the Report and Recommendation is Accepted and Adopted.

### Factual and Procedural History

On May 4, 2000, Petitioner shot and killed Adolph Shepard. There are conflicting stories as to what occurred. The State believes:

> (1) [Petitioner] and his partner Von Jamison were drug dealers in business in the area where the Taco Bell restaurant was located; (2) Shepard, who was carrying a quantity of "dummy" rocks of crack cocaine, constituted a threat to their more "legitimate" business; (3) despite a warning issued to him by Jamison, Shepard was defiant; (4) shortly thereafter, Shepard was seen in [Petitioner]'s company with his hands raised; (5) [Petitioner] fired a weapon at Shepard, shooting and

1

striking him four times as he tried to escape; (6) although Shepard fell to the ground with four separate wounds in his head and arms, he managed to shoot [Petitioner] once in the abdomen; and (7) during a pause in the struggle, as Shepard lay comparatively helpless, [Petitioner] stood over him and fired one last shot into his chest.

However, Petitioner contends Shepard attempted to rob him. He asserts that in the course of the alleged robbery, Shepard fired first and shot Petitioner in the abdomen. Petitioner contends, in fear for his safety, he ran from Shepard while shooting his gun out of self-defense. Petitioner remembers firing five shots.

Petitioner was convicted of one count of Aggravated Murder with a Firearm Specification. On September 29, 2000, he was sentenced to life imprisonment with parole eligibility after twenty years, and a three-year consecutive term for the firearm specification.

Petitioner timely appealed his conviction to the Ohio Eighth Judicial District Court of Appeals, raising seven assignments of error. On August 23, 2001, the Court of Appeals denied Petitioner's appeal. Petitioner then filed a timely appeal to the Ohio Supreme Court, raising five propositions of law. On January 16, 2002, the Ohio Supreme Court denied Petitioner's appeal, and dismissed the appeal as not involving any substantial constitutional question.

On January 15, 2003, Petitioner filed a Petition for a Writ of Habeas Corpus, raising five grounds for relief. Respondent Margaret Bradshaw ("Respondent") filed a Return of Writ, denying each of Petitioner's allegations. On March 9, 2006, the Magistrate Judge filed a Report and Recommendation, recommending the Court deny Petitioner's relief on all five grounds.

## Standard of Review

Rule 8(b)(4) of the Rules Governing Section 2254 cases in the United States District Court states:

2

> A judge of the court shall make a de novo determination of those
> portions of the report or specified proposed findings or
> recommendations to which objection is made. A judge of the court
> may accept, reject, or modify in whole or in part any findings or
> recommendations made by the magistrate.

However, if the petitioner has not filed an objection, then the district court does not need

to review the magistrate's recommendation *de novo*. *Thomas v. Arn*, 474 U.S. 140, 150 (1985).

Because *de novo* review is not required, the Court will review the Magistrate Judge's Report and

Recommendation for clear error.

## Law and Analysis

### *1. First ground for relief: Batson Claim*

Petitioner contends he was denied the protections afforded by the Fifth and Fourteenth

Amendments to the Constitution of the United States as a result of the State's use of a

peremptory challenge to excuse an African-American juror. In order to succeed, Petitioner must

make a *prima facie* case of purposeful discrimination by showing: (1) he is a member of a

cognizable racial group, and (2) the State exercised peremptory challenges to remove venire

members of the Petitioner's race. *Batson v. Kentucky*, 476 U.S. 79, 96 (1986).

However, the State can rebut the *prima facie* case by proffering a race-neutral explanation

as to why he/she does not want the individual seated as a juror. *Id*. at 97. Here, the State

explained the removal of the juror by stating she had little "real life experience"; further, the

State felt she responded to questions in a way that was not "completely candid." The State was

able to proffer a race-neutral explanation as to why the juror should be excused; thus, Petitioner's

relief for Ground One should be denied.

3

## 2. Second and Fourth grounds for relief: Admission of Opinion Testimony and Claim of Alleged Prior Drug Sales

Petitioner contends the State produced certain evidence that was improper. Ground Two is premised upon the State's evidence that drug dealers are often shot and killed for selling fake drugs; often, the perpetrators of these crimes are other drug dealers in the neighborhood. Ground Four is premised upon the State's evidence of alleged drug transactions involving Petitioner.

Federal courts lack jurisdiction over any habeas ground for relief not fairly presented to the state courts. *Blackmon v. Booker*, 394 F.3d 399, 400 (6th Cir. 2004). The Sixth Circuit has identified the following considerations for determining if a petitioner has fairly presented a ground for relief in the state courts:

> In determining whether a petitioner has fairly presented a federal constitutional claim to the state courts, a habeas court may consider whether (1) the petitioner phrased the federal claim in terms of the pertinent constitutional law or in terms sufficiently particular to allege a denial of the specific constitutional right in question; (2) the petitioner relied upon federal cases employing the constitutional analysis in question; (3) the petitioner relied upon state cases employing the federal constitutional analysis in question; or (4) the petitioner alleged facts well within the mainstream of the pertinent constitutional law.

*Id.*

Here, Petitioner included only one sentence to give notice of any federal issue: "[t]he use of such prejudicial material is violative of the Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution." Petitioner did not phrase any arguments in terms of federal constitutional law. He did not cite any federal cases, nor did he rely upon cases employing federal constitutional analysis. Further, Petitioner did not allege any facts within the mainstream of pertinent constitutional law. Accordingly, Petitioner did not fairly present these grounds to the

4

state courts; thus, Petitioner's relief for Grounds Two and Four should be denied.

### 3. *Third ground for relief: Prosecutor Misconduct in Closing Argument*

Petitioner contends the State denigrated the tactics of defense counsel in his closing summation as a basis for undermining the defense argument. The State's conduct will only be considered reversible error if the conduct is so egregious in the context of the entire trial that it renders the trial fundamentally unfair. *State v. Papp*, 412 N.E.2d 401 (Ohio Ct. App. 1978).

Here, Petitioner alleges five instances of prosecutorial misconduct. The first of these allegations refer to the State's use of the coroner's testimony to demonstrate Petitioner was standing over Shepard when he shot him. The remaining four allegations refer to the State's accusations that defense counsel insulted the jury and proceeding, misstated evidence, blatantly twisted a witness's testimony, and outrightly misrepresented evidence. The State accused defense counsel of "twisting the evidence," engaging in "blatant *** misrepresenta[tion] *** in final argument," and "insult[ing] the entire judicial process in this country."

The State's use of the coroner's testimony was a reasonable inference from the evidence presented. That inference was within the latitude afforded to him as an advocate for the state. *State v. Tibbetts*, 749 N.E.2d 226, 255 (Ohio 2001). The State's other accusations referencing defense counsel's statements and tactics did exceed the bounds of permissible argument. However, a few improper comments made by the State during closing arguments do not necessarily permeate the State's argument as to deny Petitioner a fair trial. *State v. Treesh*, 739 N.E.2d 749, 762 (Ohio 2001). In addition, if there is a failure to object at trial on a specific ground raised, the right to do so is waived. *Tibbetts*, 749 N.E.2d at 248. Here, defense counsel did not object to the State's comments or ask for any curative instructions. The State's conduct

5

did not affect the trial as to deny Petitioner due process; thus. Petitioner's relief for Ground Three should be denied.

### 4. Fifth ground for relief: Sufficiency of Evidence of Prior Calculation and Design

Petitioner contends the evidence that Shepard was shot multiple times is insufficient, standing alone, to establish a charge of Aggravated Murder based upon the element of prior calculation and design. The test for a claim of insufficient evidence is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

All the circumstances surrounding a crime must be examined, such as whether the accused knew the victim prior to the crime, whether thought and preparation could be found by the choice of weapon used or the site selected, and whether the killing took place over a period of time, as opposed to an instantaneous eruption of events. *State v. Jenkins*, 355 N.E.2d 825, 828. Applying that test, Petitioner knew the victim as a threat to his drug operation; warned the victim to cease his operations; confronted him on the street; and shot him four times, paused, and then shot him once more in the chest. The jury had sufficient evidence to find Petitioner guilty of prior calculation and design; thus, Petitioner's relief for Ground Five should be denied.

### 5. Failure to object to a Report and Recommendation

Objections to a Report and Recommendation must be filed within ten days of receipt of notice. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Failure to file an objection within the ten days waives the right to appeal the District Court's order. *Id*. Here, the Report and Recommendation was filed on March 9, 2006. Petitioner had ten days to object to the Magistrate

6

Judge's Report and Recommendation. Computing time pursuant to Fed. R. Civ. P. 6(a),

Petitioner had until March 27, 2006, to file an objection. Petitioner never filed an objection;

thus, he waived his right to appeal the Report and Recommendation.

## Conclusion

Petitioner's five grounds for relief should be denied. Ground One fails because the State

offered a race-neutral explanation for excusing an African-American juror. Grounds Two and

Four fail because Petitioner did not fairly present his habeas grounds for relief to the state courts.

Ground Three fails because the State's conduct in closing argument did not deny Petitioner his

right to due process. Finally, Ground Five fails because there was sufficient evidence to find

Petitioner was guilty of prior calculation and design. Additionally, Petitioner could have raised

objections to the Magistrate Judge's Report and Recommendation by March 27, 2006. However,

no objection was filed.

Therefore, the Court ACCEPTS the Magistrate Judge's Report and Recommendation and

adopts and incorporates the Magistrate Judge's findings. Petitioner's Writ of Habeas Corpus is

dismissed.

Further, the Court certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this

decision could not be taken in good faith, and there is no basis upon which to issue a certificate

of appealability. 28 U.S.C. §2253(c); Fed. R. App. P. 22(b).

IT IS SO ORDERED.

6/21/06

Date

CHRISTOPHER A. BOYKO
United States District Judge

7